IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BARON HOSKINS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **Civil No. 17-cv-652-CJP**[1] |
| ) | |
| **T.G. WERLICH,** ) | |
| **Respondent.** ) | |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Petitioner Baron Hoskins (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the enhancement of his sentence as a Career Offender under U.S.S.G. §§ 4B1.1 and 4B1.2. (Doc. 1).[2] He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Id.* Now before the Court is Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus. (Doc. 14). Petitioner responded to the motion at Doc. 17.

Respondent argues the petition must be dismissed because Petitioner waived his right to file a collateral attack. (Doc. 14).

## Relevant Facts and Procedural History

Petitioner pled guilty in the Northern District of Iowa to conspiracy to distribute more than five grams of cocaine base within 1,000 feet of a protected location. *United States v. Hoskins*, Case No. CR 08-1001-1-LRR (N.D. Iowa); (Doc. 14, Ex. C). The district court initially sentenced Petitioner to 262 months,

---

[1] The parties consented to final disposition by a magistrate judge, pursuant to 28 U.S.C. § 636(c). See Doc. 13.
[2] The Court uses the document, exhibit and page numbers assigned by the CM/ECF filing system.

and then subsequently reduced the sentence to 188 months. (*See* Judgment in criminal case, Doc. 41; Amended Judgment, Doc. 49).

Petitioner executed a "Waiver of Appeal" in connection with his guilty plea. (Doc. 33 in criminal case). The agreement contained a waiver of the right to appeal or file a collateral attack:

> To induce the government into accepting the provisions of this plea agreement, to avoid a trial, and to have this proceeding finally concluded, I voluntarily and knowingly waive my rights under this statute to appeal or contest, directly or collaterally, the sentence.
>
> Further, I waive all rights to contest the conviction or sentence in any post-conviction proceeding, including actions pursuant to 28 U.S.C. §§ 2255 or 2241. I consent to sentencing without any right of appeal or post-conviction proceeding except if the court finds that the United States has violated this plea agreement or if the sentence is not in accordance with the plea agreement, is imposed in excess of the maximum penalty provided by statute, or is unconstitutionally defective.

*Id.* Petitioner filed an interlocutory appeal from the sentencing court, contesting the court's denial of a reduction in his sentence. (Doc. 54 in criminal case). The Eighth Circuit Court of Appeals summarily affirmed the judgment. (Doc. 57 in criminal case).

<h2 align="center">Analysis</h2>

Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), Petitioner argues that his prior state convictions do not qualify as violent offenses or controlled substance offenses for purposes of the Career Offender enhancement under U.S.S.G. § 4B1.2. It is unnecessary to consider the substantive merits of his argument because the Waiver of Appeal bars this collateral attack.

There is no doubt a plea agreement may include a valid waiver of the right to appeal and to file a collateral attack, and that such waivers are generally enforceable, with limited exceptions. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). The limited exceptions are where the plea agreement itself was involuntary, the defendant argues ineffective assistance of counsel with regard to the negotiation of the plea, the sentencing court relied on a constitutionally impermissible factor such as race, or the sentence exceeded the statutory maximum. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). A waiver of the right to bring a collateral attack on a conviction or sentence bars a § 2241 petition; the waiver does not make the remedy afforded by § 2255 inadequate or ineffective so as to open the door to a § 2241 petition. *Muse v. Daniels*, 815 F.3d 265, 266 (7th Cir. 2016). Further, a subsequent change in the law does not render an appeal waiver involuntary. *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014).

The Seventh Circuit has enforced appeal waivers against challenges to career offender designations. *United States v. Smith*, 759 F.3d 702 (7th Cir. 2014); *United States v. McGraw*, 571 F.3d 624 (7th Cir. 2009); *United States v. Standiford*, 148 F.3d 864 (7th Cir. 1998). *McGraw* is instructive; there, the defendant argued that the convictions used categorize him as a career offender no longer constituted crimes of violence after *Begay v. United States*, 128 S.Ct. 1581 (2008). The Seventh Circuit enforced the waiver, noting that "We have consistently rejected arguments that an appeal waiver is invalid because the

defendant did not anticipate subsequent legal developments." *McGraw*, 571 F.3d at 631.

In response to the motion, Petitioner argues the appeal waiver does not apply. He contends his sentence is "unconstitutionally defective," which is one of the enumerated exceptions in the waiver.

Although Petitioner broadly cites the due process clause of the Fifth Amendment, he does not actually attack his sentence on constitutional grounds. "[A]lmost every argument in a criminal case may be restated in general constitutional form. . . ." *United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir. 2000). Here, Petitioner basis his claim on *Mathis*, and the Seventh Circuit has unequivocally stated that *Mathis* does not announce a rule of constitutional law. In *Dawkins v. United States*, 829 F.3d 549 (7th Cir. 2016), a petitioner attempted to bring a *Mathis* claim in a successive habeas petition under § 2255(h). In dismissing the petition, the Seventh Circuit explained, "[O]nly new rules of constitutional law, made retroactive by the Supreme Court, can provide a basis for authorization [under § 2255(h)]. *Mathis* did not announce such a rule; it is a case of statutory interpretation." *Dawkins*, 829 F.3d at 551.

Petitioner cites *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011), asserting his sentence was unconstitutional and amounted to a miscarriage of justice. In *Narvaez*, the petitioner was erroneously sentenced as a career offender in 2003, when the sentencing guidelines were still mandatory. *Narvaez*, 674 F.3d at 624-25. In 2005, however, the Supreme Court in *United States v. Booker*, 543

U.S. 220 (2005) declared the sentencing guidelines merely advisory. Because Petitioner, here, was sentenced in 2008, *Narvaez* is inapplicable to his claim. Petitioner's attempt to shroud his *Mathis* claim in the Fifth Amendment is unsuccessful.

In fact, Petitioner *cannot* assert a constitutional claim in his current petition, which he brings under § 2241. A prisoner may challenge his sentence via § 2241 if he satisfies three conditions set forth in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998): (1) the petitioner relies on a statutory-interpretation case; (2) the new rule applies retroactively on collateral review and could not have been invoked in the petitioner's previous proceedings; and (3) the error amounts to a miscarriage of justice. *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Davenport*, 147 F.3d at 610–11.

Assuming arguendo Petitioner presents a constitutional argument, he would not be able to surpass even the initial inquiry in *Davenport*: "First, the prisoner must show that he relies on a 'statutory-interpretation case,' *rather than a 'constitutional case.'*" *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (emphasis added). Thus, Petitioner's claim would inevitably fail under *Davenport* even if it survived Respondent's Motion to Dismiss.

For the foregoing reasons, Petitioner's motion does not fall within any of the exceptions to the waiver. He does not otherwise contend the appeal waiver is invalid and, therefore, Petitioner is barred from maintaining this collateral attack on his sentence.

## Conclusion

Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 14) is **GRANTED**.

Baron Hoskin's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241 (Doc. 1) is **DENIED**. This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE: November 16, 2017**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**

**<u>Notice</u>**

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).